JORDAN P. SCHNITZER, ESQ.
Nevada Bar No. 10744
THE SCHNITZER LAW FIRM
710 South 9th Street, Suite 2
Las Vegas, Nevada 89101
Telephone: (702) 960-4050
Facsimile: (702) 960-4092
Jordan@TheSchnitzerLawFirm.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW ATWELL, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY, an unknown entity; DOES 1 through 10, and ROE CORPORATIONS 1 through 20, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-02386-GMN-BNW<br><br>**(PROPOSED) DISCOVERY SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REQUESTED** |

**1.    CONFERENCE:**

The parties conducted the Rule 26(f) conference on February 10, 2025, with Jordan P. Schnitzer, Esq., of The Schnitzer Law Firm participating for Plaintiff, and Jennifer Insley Micheri, Esq., of Dennett Winspear LLP, participating for Defendant. This conference included discussion of the points outlined in FRCP 26(f)(2).

**2.    DISCOVERY PLAN:**

    a.  The parties will exchange initial FRCP 26(a)(1) disclosures by February 24, 2025.

    b.  The parties need discovery on all of the claims and defenses presented by the parties. The parties do not request conducting discovery in phases or limited or focused on particular issues.

1

c.  The parties do not anticipate any issues regarding the disclosures, discovery, or preservation of electronically stored information. The parties agreed that electronically stored information should be produced in native format where possible.

d.  The parties do not presently anticipate any issues about claims of privilege or of protection, but should an issue arise, the parties will confer to resolve the same, and if needed, seek Court assistance.

e.  The parties will meet and confer regarding the necessity of a stipulated protective order and confidentiality agreement to be filed with the Court prior to the disclosure of Defendant's materials regarding Plaintiff's contractual and extra-contractual claims against Defendant. (Fed. R. Civ. P. 26(f)(3)(D)).

f.  The parties do not request any changes to the limitations on discovery imposed under the rules.

g.  The parties do not request any other orders from the court under FRCP 26(c), 16(b), or 16(c) at this time.

h.  Proposed Discovery Plan Dates: The parties are requesting discovery period of 365-days, outside of the presumptive reasonable discovery period of 180-days from the appearance of the first Defendant to conduct discovery for the following reasons:

   1. Plaintiffs originally filed their Complaint in the Eighth Judicial District Court, County of Clark, on August 26, 2024 ("State Action").
   2. On December 20, 2024, Defendants filed a Petition for Removal with the instant Court.
   3. On January 14, 2025, Plaintiff filed a Motion to Remand.
   4. On January 27, 2025, Defendant filed a Response to the Motion to Remand.

5. On February 3, 2025, Plaintiff filed a Reply to the Motion to Remand.

6. Plaintiff has treated with approximately 8 different providers, and Defendants will need time to obtain the records, assess the same, obtain any related, prior medical records, in order for Defendants' medical experts to render their opinions.

7. This is a complex bad faith case resulting from an alleged failure to tender payment, that the parties expect to be fact intensive and require coordination of numerous depositions of non-parties. Additionally, the parties anticipate potential discovery issues given the nature of the case.

As such, the parties respectfully request that they be allowed to deviate from the 180-day discovery schedule to a 365-day discovery scheduled as follows:

| | |
|---|---|
| • Amending Pleadings and Adding Parties | November 12, 2025 |
| • Initial Expert Disclosures | November 12, 2025 |
| • Rebuttal Expert Disclosures | December 12, 2025 |
| • Discovery Cut-off | February 10, 2026 |
| • Dispositive Motions | March 12, 2026 |
| • Pre-trial Order, if no dispositive motions | April 10, 2026 |

**3.    ALTERNATIVE DISPUTE RESOLUTION:** The parties certified that they have conferred regarding alternative dispute resolution and no joint conclusion was reached regarding alternative dispute resolution.

**4.    TRIAL BY MAGISTRATE AND SHORT TRIAL PROGRAM:** The parties considered trial by magistrate and use of the Short Trial Program and determined that neither would be appropriate for this matter.[1]

---

[1] The parties reserve all objections to documents produced and witnesses identified initial disclosures and any later supplements.

5. **ELECTRONIC EVIDENCE:** As required under District of Nevada Local Rule 26-1(b)(9), the parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. More discovery is still needed at this time. The parties shall meet and confer further on this topic, including in an effort to reach stipulations regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

Submitted by:

DATED this  24  day of February 2025.

**THE SCHNITZER LAW FIRM**

/s/ Jordan P. Schnitzer, Esq.

Jordan P. Schnitzer, Esq.
Nevada Bar No. 10744
710 South 9th Street, Suite 2
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

DATED this  24  day of February 2025

**DENNETT WINSPEAR, LLP**

/s/ Jennifer Insley Micheri, Esq.

Ryan L. Dennett, Esq.
Nevada Bar No. 5617
Jennifer Insley Micheri, Esq.
Nevada Bar No. 10089
3301 N. Buffalo Drive, Suite 195
Las Vegas, Nevada 89129
*Attorneys for Defendant*

## ORDER

The parties request a discovery period of 365 days, measured from the date of their Rule 26(f) conference. However, under LR 26-1(b)(1), "the number of days required for discovery [is] measured from" the date the first defendant answered or otherwise appeared. Defendant has not responded to the initial pleading. It removed the case on December 20, 2024. This Court will grant a discovery period of 365 days measured from the date Defendant filed its petition for removal. IT IS THEREFORE ORDERED that the proposed, stipulated discovery plan and scheduling order is MODIFIED as follows:

**Amend Pleadings/Add Parties:** The deadline for filing motions to amend the pleadings or to add parties is 90 days before the close of discovery, or **September 23, 2025**.
**Expert Disclosures**: Expert disclosures must be made 60 days before the discovery cut-off date, or **October 23, 2025**. Rebuttal-expert disclosures must be made 30 days after the initial disclosure of experts, or **November 24, 2025**.
**Discovery Cut-Off:** The first defendant appeared on December 20, 2024. ECF No. 22. Discovery is due 365 days from that date, or **December 22, 2025**.
**Dispositive Motions:** The deadline for filing dispositive motions is 30 days after the discovery cut-off date, or **January 21, 2026.**
**Pre-Trial Order:** The deadline for the joint pretrial order is 30 days after the dispositive-motion deadline (February 20, 2026), or 30 days after a decision of the dispositive motions is entered, whichever is later.

**DATED:**  February 25, 2025

4

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**