UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW ATWELL,<br><br>     Plaintiff,<br>vs.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY,<br><br>     Defendant. | Case No.: 2:24-cv-02386-GMN-MDC<br><br>**ORDER GRANTING MOTION TO REMAND** |

  Pending before the Court is the Motion to Remand, (ECF No. 8), filed by Plaintiff Andrew Atwell. Defendant Progressive Northern Insurance Company ("Progressive") filed a Response, (ECF No. 9), to which Plaintiff filed a Reply, (ECF No. 10). Because Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court **GRANTS** Plaintiff's Motion to Remand.

**I. BACKGROUND**

  This case arises from a dispute over unpaid insurance claims. Plaintiff, who at all relevant times was insured by Progressive, was involved in a motor vehicle accident with an underinsured motorist. (Compl. ¶ 6, Ex. A to Pet. Removal, ECF No. 1-1). Plaintiff alleges that Defendant failed to evaluate, respond to, or pay contractually due amounts on a claim that Plaintiff submitted under the uninsured motorist provision of his insurance policy. (*Id*. at ¶¶ 12–16). Plaintiff filed his initial Complaint in the Eighth Judicial District Court of Clark County, bringing claims for breach of contract, breach of implied covenant of good faith and fair dealing, contractual breach of the implied covenant of good faith and fair dealing, a statutory unfair claims practices violation, and declaratory relief. (*See generally id*.). Defendant removed this case to federal court on the basis of diversity jurisdiction. (Pet. Removal, ECF No.

1). Defendant argues that complete diversity of citizenship exists and the amount in controversy is met. (*Id.* ¶¶ 4–5). Plaintiff now seeks to remand the case to state court.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441. To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.  DISCUSSION

The Parties' citizenship is not in dispute. (*See generally* Mot. Remand, ECF No. 8). Rather, Plaintiff contends that removal is improper because Defendant failed to show, by a preponderance of the evidence, that the amount in controversy supports diversity jurisdiction. (*Id.* 3:10–5:10); *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Plaintiff

further claims that the Court should award attorney's fees pursuant to 28 U.S.C. § 1447(c). (Mot. Remand 5:11–6:13). The Court addresses each argument in turn.

### A. Amount in Controversy

Plaintiff claims that Defendant fails to establish that the amount in controversy meets the jurisdictional threshold of $75,000. (*Id.* 3:10–5:10). The Court agrees. "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invests., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Defendant seemingly concedes that the Complaint does not, on its face, seek the requisite amount in controversy.[1] (*See generally* Resp., ECF No. 9). Defendant therefore has the burden of proving that the amount in controversy more likely than not satisfies the jurisdictional requirement. *Matheson*, 319 F.3d at 1090. In an attempt to do so, Defendant first argues that "it is believed that" Plaintiff will seek damages up to the $100,000 policy limit, thus meeting the amount in controversy requirement. (Resp. 7:7–8). However, in determining the amount in controversy in insurance claim matters, there is a distinction "between those cases in which the validity of the insurance policy is at issue and those cases in which the question is the applicability of the policy to a particular occurrence. . . . . [I]n the latter category of cases. . . the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy." Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,

---

[1] Plaintiff claims specific and general damages "in excess of $15,000" plus interest pursuant to NRS 99.040, as well as punitive damages. (Compl. 9:14–17). Plaintiff's other forms of requested relief cannot be assigned an ascertainable amount at this stage in the proceedings.

*Federal Practice and Procedure*, vol. 14B, § 3710, 264 (3d ed., West 1998); *see also Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (holding that the value of the claim controls when there is a dispute about the applicability of the policy). Thus, "when an insurer 'is not seeking to void the entire insurance contract,' the value of the claim rather than the policy limit determines the amount in controversy." *Willer v. Allied Prop. and Cas. Ins. Co.*, No. 09-cv-150, 2010 WL 11537798, at *2 (D. Mont. Jan. 21, 2010) (quoting *Hartford Ins. Grp.*, 293 F.3d at 911). Here, neither Party contests the validity of the policy, and Defendant fails to support its belief that Plaintiff will seek the policy limit of $100,000.[2] (*See* Resp. 7:5–7). Thus, the policy limit is irrelevant to determining the amount in controversy for the purposes of diversity jurisdiction.

Next, Defendant argues that the attorney's fees, general damages, and punitive damages that Plaintiff seeks are pled cumulatively, and that together they could exceed $75,000. (*Id*. 7:10-17). But "[the insurer's] burden is not merely to hypothesize to a threshold-satisfying recovery; as the removing party, [the insurer] must prove that a threshold-beating recovery . . . is more likely than not." *Casas v. Geico Indem. Co.*, 2:13-CV-1567-JAD-CWH, 2013 WL 6284152, at *2 (D. Nev. Dec. 4, 2013) (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996). Here, Defendant does not engage in any factual analysis indicating that Plaintiff's claims are likely to succeed, much less that they are likely to result in damages exceeding $75,000. (*See generally* Resp.). Instead, Defendant avers, without legal or factual support, that "general damages awards sometimes equal many multiples of the incurred special

---

[2] Defendant refers to Plaintiff's "injury to his spine, arms, leg, wrist and hands, chest and abdomen," but gives not further detail about the estimated costs of treating these injuries or the likelihood of continuing harm. (Resp. 7:5–7). Plaintiff does not refer to his injuries with any specificity in the Complaint, but does concede that he incurred less than $15,000 total in medical special damages. (*See generally* Compl.); (*See also* Mot. Remand 5:9).

1   damages" and "attorney's fees . . . could eventually total tens of thousands of dollars."[3] (Resp.
2   7:23–24; 8:1–2). This conclusory speculation is not grounded in any factual support and does
3   not show that Plaintiff could reasonably recover more than $75,000 from his claims. Thus,
4   Defendant fails to show, by a preponderance of the evidence, that Plaintiff's Complaint alleges
5   an amount in controversy in excess of $75,000. For these reasons, Defendant has not met its
6   burden of showing that removal was proper.[4] Thus, Plaintiff's Motion to Remand is
7   GRANTED.

   **B. Attorney's Fees and Costs**

9       Plaintiff argues that he is entitled to attorney's fees under 28 U.S.C. § 1447(c) because
10  Defendant did not possess an objectively reasonable basis for seeking removal. (*See* Mot.
11  Remand 5:11–6:13). Defendant objects. (Resp. 8:22–9:8).
12      "Absent unusual circumstances, a court may award costs and attorney's fees under
13  § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking
14  removal." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018)
15  (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); *see* 28 U.S.C. § 1447(c).
16  Removal is not objectively unreasonable "solely because the removing party's arguments lack
17  merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v.*
18  *Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).
19      Here, the Court finds that Defendant had an objectively reasonable basis for seeking
20  removal. Defendant raised several potentially viable arguments in opposition to Plaintiff's
21  Motion to Remand. (*See generally* Resp.). Although Defendant failed to support its arguments

---

[3] Attorney's fees in Nevada are not recoverable unless authorized by agreement, statute, or rule. *See Young v. Nevada Title Co.*, 744 P.2d 902, 905–06 (Nev. 1987). Defendant does not identify any authorized basis for awarding attorney's fees here.

[4] Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Notwithstanding Defendant's failure to support its Response to Plaintiff's Motion to Remand with points and authorities, the Court considered the merits of the Parties arguments.

with sufficient analysis and authorities, Plaintiff's prayer for punitive damages and extra-contractual damages could, under some circumstances that are not present here, support an amount in controversy over $75,000 and establish diversity jurisdiction. Thus, Plaintiff's request for costs and attorney's fees is DENIED.

IV.  **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 8), is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court for Clark County.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs is **DENIED.**

**DATED** this __17__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT